```
                 IN THE UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF LOUISIANA
                       LAKE CHARLES DIVISION


UNITED STATES OF AMERICA        *   Docket No. 6:16-CR-00033
                                *
                                *
VERSUS                          *   February 23, 2016
                                *
                                *
ROBERT BURNS                    *   Lafayette, Louisiana

*************************************************************

        REPORTER'S OFFICIAL TRANSCRIPT OF THE PLEA HEARING
             BEFORE THE HONORABLE PATRICIA MINALDI,
                  UNITED STATES DISTRICT JUDGE

*************************************************************

                    A P P E A R A N C E S


FOR THE GOVERNMENT: ALEXANDER C. VAN HOOK
                    U.S. Attorney's Office
                    300 Fannin Street, Suite 3201
                    Shreveport, LA 71101
                    Email:  alexander.van.hook@usdoj.gov
                    Phone:  (318) 676-3600
                    Fax:    (318) 676-3660


                    TONA BOYD
                    U.S. Dept. of Justice, Civil Rights Div.
                    950 Pennsylvania Avenue N.W.
                    Washington, DC  20530
                    Email:   tona.boyd@usdoj.gov
                    Phone:   (202) 514-3204
                    Fax:     (202) 514-8336


FOR THE DEFENDANT:  GERALD J. BLOCK
                    Attorney at Law
                    P.O. Box 53506
                    Lafayette, LA  70505
                    Email:  lblock@block.glacoxmail.com
                    Phone:  (337) 233-9296
                    Fax:    (337) 233-5014
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

```
REPORTED BY:          DEIDRE D. JURANKA, RPR
                      611 Broad Street, Suite 267
                      Lake Charles, Louisiana 70601
                      Email:  dd_juranka@lawd.uscourts.gov
                      Phone:  (337) 214-6669
                      Fax:    (337) 437-3390
```

| | |
|---|---|
| 1 | **COURT PROCEEDINGS** |
| 2 | (Call to order of the court.) |
| 3 | MR. VAN HOOK:  Yes, Your Honor.  The next case is |
| 4 | United States versus Robert Burns -- |
| 5 | THE COURT:  Mr. Block -- |
| 6 | MR. VAN HOOK:  -- Criminal No. -- |
| 7 | THE COURT:  -- you're not chewing gum, are you? |
| 8 | DEFENSE COUNSEL:  No, ma'am, not anymore. |
| 9 | MR. VAN HOOK:  -- 16-0033.  Your Honor, at this |
| 10 | time I would like to offer the original Rule 11 package |
| 11 | which contains a Waiver of Indictment, an Agreement and |
| 12 | Waiver of Statute of the Limitations -- Your Honor, I |
| 13 | don't think we covered the Waiver of Statute of |
| 14 | Limitations with the prior defendant either. |
| 15 | THE COURT:  That was part of the plea packet, |
| 16 | wasn't it? |
| 17 | MR. VAN HOOK:  Okay.  The Bill of Information, the |
| 18 | Elements of the Offense, the Affidavit of Understanding |
| 19 | Maximum Penalty and Constitutional Rights, the Plea |
| 20 | Agreement, and the Factual Basis in Support of the Plea, |
| 21 | offer those documents at this time. |
| 22 | MR. BLOCK:  Without objection, Your Honor. |
| 23 | THE COURT:  They're accepted. |
| 24 | Mr. Burns, I'm told that you want to plead guilty |
| 25 | this morning to deprivation of rights under color of |

1    law.  Before I can accept your guilty plea, I need to

2    have a discussion with you about the consequences of a

3    guilty plea and the rights that you give up when you

4    enter a guilty plea.  If you'd raise your right hand for

5    me, please.

6                    (Oath is administered.)

7         THE COURT:  Mr. Block, have you gone over the plea

8    packet with Mr. Burns?

9         MR. BLOCK:  Yes, Your Honor, I have.

10        THE COURT:  Feel like he understands it?

11        MR. BLOCK:  I do, Your Honor.

12        THE COURT:  Have you talked with him about how the

13   sentencing guidelines may affect his sentence in this

14   case?

15        MR. BLOCK:  Yes, ma'am, we have.

16        THE COURT:  Do you feel like he understands that?

17        MR. BLOCK:  Yes, ma'am, I do.

18        THE COURT:  Mr. Burns, Mr. Block tells me that he's

19   gone over the plea packet with you.  Is that correct?

20        THE DEFENDANT:  Yes, ma'am.

21        THE COURT:  Do you feel like you understand it?

22        THE DEFENDANT:  Yes, ma'am.

23        THE COURT:  And he's also told me that he's

24   discussed with you the impact the sentencing guidelines

25   may have on your sentence.  Is that correct?

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Do you feel like you understand that?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  All right.  Let's -- do you have a copy

5    of the plea packet in front of you?

6          MR. BLOCK:  He does.

7          THE COURT:  Let's turn to the Elements of the

8    Offense.

9          MR. BLOCK:  We have it.

10         THE COURT:  This document tells you the things that

11   the Government would have to prove beyond a reasonable

12   doubt before you could be convicted of this offense and

13   those things are, number one, that you acted under color

14   of law; two, that you deprived a person whose initials

15   are A.D. in the United States of a right protected and

16   secured by the Constitution and laws of the United

17   States and that being the right to due process of law

18   which includes the right to be free from the use of

19   excessive force amounting to punishment by a sheriff's

20   deputy; and, three, that you did this willfully.  Do you

21   understand the things that the Government would have to

22   prove beyond a reasonable doubt?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  Let's turn next to the Affidavit of

25   Understanding of Penalty and Constitutional Rights.

1    When convicted of this offense you face a penalty of a
2    term of imprisonment of not more than --
3         MR. BLOCK:  Misdemeanor, Your Honor.
4         THE COURT:  -- one year and a fine of not more than
5    $100,000 or both, a term of supervised release of not
6    more than one year, and a special assessment of $100
7    which is mandatory.  Do you understand the penalty that
8    you face?
9         THE DEFENDANT:  Yes, ma'am.
10        THE COURT:  In this particular circumstance, you
11   have waived your right to a grand jury process which
12   means that normally a group of people would hear the
13   Government's case and sometimes the defense case as well
14   and decide whether it was appropriate to hold you over
15   for trial in this matter; but you have waived your right
16   to that Indictment and have been charged by Bill of
17   Information which is filed by an assistant U.S. attorney
18   or the U.S. Attorney.  Do you understand that you have
19   waived your right to a grand jury indictment?
20        THE DEFENDANT:  Yes, ma'am.
21        THE COURT:  You have the right to go to trial in
22   this matter if you choose.  If you did that, Mr. Block
23   would represent you during trial, you'd select a jury of
24   12 people to hear your case, and all 12 of those jurors
25   would have to agree that the Government had proved its

1    case beyond a reasonable doubt before you could be

2    convicted of this offense.  But when you plead guilty

3    you waive your right to trial, you waive your right to

4    that 12 person jury, and you waive that right to the

5    unanimous verdict.  Do you understand that?

6            THE DEFENDANT:  Yes, ma'am.

7            THE COURT:  If you went to trial, you would have

8    the ability to see the witnesses called against you and

9    ask questions; but when you plead guilty you give up

10   that right.  Do you understand that?

11           THE DEFENDANT:  Yes, ma'am.

12           THE COURT:  You have a privilege against

13   self-incrimination which means no one can force you to

14   testify against yourself, but when you plead guilty you

15   are testifying against yourself so you're giving up that

16   privilege.  Do you understand that?

17           THE DEFENDANT:  Yes, ma'am.

18           THE COURT:  If you went to trial and you were

19   convicted, you would have the right to appeal the

20   verdict of guilt; but when you plead guilty you're

21   admitting your guilt so you give up your right to appeal

22   the verdict of guilt.  Do you understand that?

23           THE DEFENDANT:  Yes, ma'am.

24           THE COURT:  And you have the right to be

25   represented at all times by counsel of your choice or by

1    court-appointed counsel, if you cannot afford your own.

2    Mr. Block is here with you now.  And as I said before,

3    if you went to trial, he would represent you during

4    trial.  And if you were convicted, someone would be

5    appointed to represent you on appeal.  But when you

6    plead guilty you give up your right to trial and to

7    appeal the verdict of guilt so you also give up your

8    right to be represented during those proceedings.  Do

9    you understand that?

10        THE DEFENDANT:  Yes, ma'am.

11        THE COURT:  This packet contains a Plea Agreement

12   and an Agreement to Waive the Statute of Limitations.

13   Have you gone over those documents with Mr. Block?  Have

14   you gone over those documents with Mr. Block?

15        THE DEFENDANT:  Yes, ma'am.

16        THE COURT:  Is there anything about those documents

17   you don't understand or have any questions about?

18        THE DEFENDANT:  No, ma'am.

19        THE COURT:  Let's go over the Stipulated Factual

20   Basis.  This document tells me what you and the

21   Government have agreed happened in this case that would

22   justify me in accepting your guilty plea.  I'm not going

23   to read it word for word, but I am going to go over the

24   things that I think are most important to ensure that

25   this is what you agree happened.

1          It tells me that while you were under -- acting

2     under color of law and aided and abetted by others you

3     willfully deprived a person whose initials are A.D., who

4     was a pretrial detainee, of his federally protected

5     rights under federal law.  You were employed by the

6     Iberia Parish Sheriff's Office at the time and served as

7     a canine officer on the impact unit.  On April 29th of

8     2011 you were called to the Iberia Parish Jail to assist

9     in a shakedown of the facility.  You learned that deputy

10    sheriffs from IPSO Narcotics Division were taking

11    inmates to the chapel, which was not covered by video

12    surveillance, and beating them to punish them.  You and

13    your dog joined the sheriffs from that narcotics

14    division, and supervisors as well, in the chapel knowing

15    that the officers intended to beat A.D. You watched as

16    officers struck A.D. numerous times while he was

17    restrained, compliant and lying on the chapel floor and

18    presented no threat to the officers.  You recognized

19    that you had a duty to intervene and stop the

20    unjustified use of force against the inmate.  However,

21    you willfully chose not to intervene to stop the beating

22    despite having the opportunity to do so.  And you

23    commanded your dog to bark in order to further harass

24    and intimidate A.D.  Is that what happened?

25          THE DEFENDANT:  Yes, ma'am.

```
 1              THE COURT:  What kind of dog was it?
 2              THE DEFENDANT:  Belgian Malinois.
 3              THE COURT:  Are you satisfied with the
 4    representation that Mr. Block has provided to you?
 5              THE DEFENDANT:  Yes, ma'am.
 6              THE COURT:  To the charge of deprivation of rights
 7    under color of law, how do you plead?
 8              THE DEFENDANT:  Ma'am?
 9              THE COURT:  How do you plead?
10              THE DEFENDANT:  Guilty.
11              THE COURT:  I'll accept your guilty plea and will
12    set sentencing for 5/24/16 at 10:15 a.m.  Thank you.
13              MR. BLOCK:  Thank you, Your Honor.  Oh.  He's not
14    currently on bond, Your Honor.
15              THE COURT:  All right.
16              MR. VAN HOOK:  No objection, Your Honor.  The same
17    conditions that we asked for the last defendant.
18              THE COURT:  Thank you.
19              MR. BLOCK:  Your Honor, he is charged and has pled
20    to a misdemeanor.  And he is employed by the Louisiana
21    University Police Department so I would assume that the
22    prohibition against a weapon would not apply to him.
23              MR. VAN HOOK:  No objection, Your Honor.
24              THE COURT:  All right.
25                   (Proceedings adjourned.)
```

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**

1

2                          * * * * * * *

3

4                          **CERTIFICATE**

5

6        I hereby certify this 2nd day of March, 2016, that the

7  foregoing is, to the best of my ability and understanding, a

8  true and correct transcript of the proceedings in the

9  above-entitled matter.

10

11                              S/Deidre D. Juranka, RPR
                                Official Court Reporter
12

13

14

15

16

17

18

19

20

21

22

23

24

25

**Deidre D. Juranka, RPR**
**United States Court Reporter**
**Western District of Louisiana**